# IN THE UNITED STATES DISTRICT COURT,
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. INMAN, on his own behalf and on behalf of the class he seeks to represent,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendant. | Civil Action No.:<br><br><br><br><br>**CLASS ACTION COMPLAINT**<br>**&**<br><u>**DEMAND FOR JURY TRIAL**</u> |

## I. PRELIMINARY STATEMENT

1. Plaintiff, THOMAS E. INMAN ("INMAN"), on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO") who used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and others. The Plaintiff alleges that NCO's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

2. Such practices include, *inter alia*:

    (a)    Leaving prerecorded telephonic voice messages for consumers, which fail to provide meaningful disclosure of NCO's identity;

    (b)    Leaving prerecorded telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

    (c)    Leaving prerecorded telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

3.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.

4.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held

that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107 (3rd Cir. 1991).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

11. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because NCO resides in the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. PARTIES

12. INMAN is a natural person who, at all times relevant to this complaint, resided in the City of Aloha, Washington County, Oregon and is a citizen of the State of Oregon.

13. At all times relevant to this complaint, NCO is a for-profit business corporation existing pursuant to the laws of the Commonwealth of Pennsylvania. NCO maintains its principal business address at 507 Prudential Road, in Horsham Township, Montgomery County, Pennsylvania. NCO is a citizen of the Commonwealth of Pennsylvania.

14. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## IV. STATEMENT OF THE CASE

15. Sometime prior to June 16, 2008, INMAN allegedly incurred a financial obligation to American Express (US) arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Obligation").

16. The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

17. INMAN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. INMAN is informed and believes, and on that basis alleges, that sometime prior to June 16, 2008, American Express (US) either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to NCO for collection.

19. NCO collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

20. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. Within the one year immediately preceding the filing of this complaint, NCO contacted INMAN via telephone in an attempt to collect the Obligation.

22. Within the one year immediately preceding the filing of this complaint, NCO placed telephone calls to INMAN and left prerecorded telephonic voice messages ("Prerecorded Messages") on his home answering machine and/or cellular telephone voicemail.

23. Specifically, during the 32-day period from June 19, 2008 through July 20, 2008, INMAN received at least 20 Prerecorded Messages.

24. Prerecorded Messages were left on the following dates at the specified times:

        Thursday June 19, 2008 at 6:12 PM
        Friday June 20, 2008 at 5:26 PM

        Monday June 23, 2008 at 6:04 PM
        Wednesday June 25, 2008 at 3:54 PM
        Thursday June 26, 2008 at 5:57 PM
        Friday June 27, 2008 at 2:05 PM
        Saturday June 28, 2008 at 9:15 AM
        Sunday June 29, 2008 at 2:03 PM
        Monday June 30, 2008 at 10:04 PM
        Thursday July 3, 2008 at 6:11 PM
        Monday July 7, 2008 at 5:44 PM
        Wednesday July 9, 2008 at 5:41 PM
        Friday July 11, 2008 at 2:29 PM
        Sunday July 13, 2008 at 9:54 AM
        Tuesday July 15, 2008 at 5:25 PM
        Wednesday July 16, 2008 at 5:08 PM
        Thursday July 17, 2008 at 5:55 PM
        Saturday July 19, 2008 at 9:06 AM
        Sunday July 20, 2008 at 2:02 PM
        Monday July 21, 2008 at 10:47 AM

25.    Each Prerecorded Message (Plaintiff's counsel has possession of the recordings of these Prerecorded Messages) stated either:

> This message is for - Thomas Inman. Please call us back today at toll-free, 1-800-350-2457. When calling back, the Reference ID is EL9170. Once again, this number is toll-free 1-800-350-2457. Thank you. Goodbye.

<em>or</em>

> This message is for - Thomas Inman. Please call us back today at toll-free, 1-800-350-2457. When calling back, the Reference ID is EL9170. Once again, the number is toll-free 1-800-350-2457. Thank you. Goodbye.

26.    Each Prerecorded Message is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. NCO is collaterally estopped from re-litigating whether its Prerecorded Messages to consumers are a "communication" as defined by 15 U.S.C. § 1692a(2). See, <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F.Supp.2d 643, 655-660 (S.D.N.Y. 2006).

28. Each Prerecorded Message was left by NCO in connection with the collection of a debt.

29. Each Prerecorded Message failed to:

(a) Provide meaningful disclosure of NCO's identity as the caller;

(b) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt); and

(c) Disclose that the communication was from a debt collector.

30. NCO is collaterally estopped from re-litigating whether its Prerecorded Messages violate 15 U.S.C. §1692e(11) due to its failure to state that those messages were from a "debt collector." See, <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006).

## V. POLICIES AND PRACTICES COMPLAINED OF

31. It is the policy and practice of NCO to leave "pre-recorded" telephonic voice messages for consumers and other persons, such as the Prerecorded Messages, that uniformly fail to:

      (a)    Provide meaningful disclosure of NCO's identity as the caller;

      (b)    Disclose the purpose or nature of the communication; and

      (c)    Disclose that the communication is from a debt collector.

## VI. CLASS ALLEGATIONS

32. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. The Plaintiff Class consists of all persons with addresses in the United States of America who received from NCO a prerecorded telephonic voice message left one-year immediately preceding the filing of the initial complaint or anytime afterwards up through and including the date of preliminary class certification, which message failed to meaningfully identify NCO as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

34. The identities of all class members are readily ascertainable from the records of NCO and those companies and governmental entities on whose behalf NCO attempts to collect debts.

35. Excluded from the classes are all officers, members, partners, managers, directors, and employees of NCO and their respective immediate

families, and legal counsel for all parties to this action and all members of their immediate families.

36. The class period is one year prior to the filing of the initial complaint in this action for all claims under the FDCPA and continues up to and including the date of preliminary class certification.

37. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the NCO's "prerecorded" telephonic voice messages, such as the Prerecorded Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

38. INMAN's claims are typical of the class members, as all are based upon the same facts and legal theories.

39. INMAN will fairly and adequately protect the interests of the classes defined in this complaint. INMAN has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither INMAN nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because:

(a)  <u>Numerosity:</u>  INMAN is informed and believes, and on that basis alleges, that the class is so numerous that joinder of all members would be impractical.

(b)  <u>Common Questions Predominate:</u>  Common questions of law and fact exist as to all members of the Plaintiff Class. The principal issues are whether the NCO's "prerecorded" voice messages, such as the Prerecorded Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c)  <u>Typicality:</u>  INMAN's claims are typical of the claims of the class members. INMAN and all members of the Plaintiff Class have claims arising out of the NCO's common uniform course of conduct as complained of here.

(d)  <u>Adequacy:</u>  INMAN will fairly and adequately protect the interests of the class members insofar as he has no interests that are adverse to the absent class members. INMAN is committed to vigorously litigating this matter. INMAN has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither INMAN nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

41.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for NCO, which, on information and belief, collects debts throughout the United States of America.

42.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Prerecorded Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

43.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. CAUSE OF ACTION

44.     INMAN realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

45.     NCO violated the FDCPA.

46. NCO's violations with respect to the Prerecorded Messages include, but are not limited to, the following:

    (a) Placing telephone calls without providing meaningful disclosure of NCO's identity as the caller in violation of 15 U.S.C. § 1692d(6);

    (b) Leaving prerecorded messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6); and

    (c) Failing to disclose in all oral communications that NCO is a "debt collector" in violation of 15 U.S.C. § 1692e(11).

## VIII. PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff, Thomas E. Inman, respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class and against the Defendants, NCO Financial Systems, Inc., and John and Jane Does Numbers 1 through 25 as follows:

    (a) An order certifying that Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(b) An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(c) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3);

(d) A declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that the Prerecorded Messages violate 15 U.S.C. §§ 1692d(6) and 1692e(11); and

(e) For such other and further relief as may be just and proper.

## IX.  DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against the Defendants, and each of them, for each cause of action so triable.

Dated: December 17, 2008

Respectfully submitted,
**LAYSER & FREIWALD, P.C.**
*s/ Derek R. Layser*
DEREK R. LAYSER, ESQ.
(I.D. No. 54938)
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
Telephone:  (215) 875-8000
Facsimile:   (215) 875-8575
E-mail:  drl@layserfreiwald.com
*Attorney for Plaintiff, Thomas E. Inman, and all others similarly situated*