IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS INMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 08-5866 |
| NCO FINANCIAL SYSTEMS, INC. | : | |

**MEMORANDUM RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                    **October 21, 2009**

This case is filed under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"), in which the Plaintiff, Thomas Inman ("Inman"), alleging claims on behalf of

himself and a class under Fed. R. Civ. P. 23, seeks damages against Defendant NCO Financial

Systems, Inc. ("NCO"), a debt collector with offices in Montgomery County, Pennsylvania.

Plaintiff filed a Motion for Summary Judgment (Doc. No. 10), asserting that the

pleadings contained admissions of liability by the Defendant.  In its response, Defendant raised a

number of factual issues and requested discovery on the merits of the case, and argument was

held on September 30, 2009.

At the heart of this dispute is a technology battle over the telephone system used by the

Defendant to contact and leave prerecorded messages for persons who allegedly owe money to

Defendant's clients, and a voicemail system used by the Plaintiff.  The parties assert broad and

significant differences over how these different technologies were supposed to work, and how

they worked in actuality.  The Court sees no need to discuss these issues – let alone decide them

– until discovery has taken place and appropriate further motions have been filed.

When Congress enacted the FDCPA in 1977, none of this technology existed.  Courts

may be the wrong place to synthesize Congress' intent regarding the rights of debtors and debt

collectors in the context of computer-based technology that Congress could not possibly have

envisioned.

## I.      Undisputed Facts

However, the Court can and will grant partial summary judgment under Fed. R. Civ. P.

56(d), because the pleadings, together with the Statements of Undisputed Facts filed by the

Plaintiff in connection with the undersigned's practice order concerning Rule 56 motions, and the

Defendant's responses, warrant the Court making the following factual findings:

1.      Jurisdiction exists and Venue is proper.  (Compl. ¶¶ 9 and 11; Answer ¶¶ 9 and

11; Pl.'s Statement of Uncontested Mat. Facts ¶1; Def.'s Resp. to Pl.'s Statement of Uncontested

Mat. Facts ¶1.)

2.      At all times relevant to the Complaint, NCO is a for-profit business corporation

existing pursuant to the laws of the Commonwealth of Pennsylvania.  NCO maintains its

principal business address at 507 Prudential Road, in Horsham Township, Montgomery County,

Pennsylvania.  NCO is a citizen of the Commonwealth of Pennsylvania.  (Compl. ¶13; Answer

¶13; Pl.'s Statement of Uncontested Mat. Facts ¶2; Def.'s Resp. to Pl.'s Statement of

Uncontested Mat. Facts ¶2.)

3.      NCO collects, and attempts to collect, debts incurred, or alleged to have been

incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail,

telephone, and internet.  (Compl. ¶19; Answer ¶19; Pl.'s Statement of Uncontested Mat. Facts

¶3; Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶3.)

4.      NCO's records reflect that a certain indebtedness by Plaintiff to American Express (US) account No. ending 1004 was placed with NCO for collection on or about June 17, 2008. (Answer ¶18; Pl.'s Statement of Uncontested Mat. Facts ¶4; Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶4.)

5.      Plaintiff incurred a financial obligation to American Express, and defaulted on that obligation.  (Answer ¶15; Pl.'s Statement of Uncontested Mat. Facts ¶5; Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶5.)

6.      When NCO acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated under certain provisions of the FDCPA.  (Answer ¶20.)

7.      NCO's records reflect that on and after June 17, 2008, it attempted to contact Plaintiff by telephone in connection with its efforts to collect certain indebtedness on American Express (US) account No. ending 1004.  (Answer ¶¶ 21, 22 and 28; Pl.'s Statement of Uncontested Mat. Facts ¶6; Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶6.)

8.      NCO's records reflect that automated telephone calls were placed on the dates and times alleged in ¶ 24 of Plaintiff's Complaint as follows:

- •      Thursday June 19, 2008 at 6:12 PM
- •      Friday June 20, 2008 at 5:26 PM
- •      Monday June 23, 2008 at 6:04 PM
- •      Wednesday June 25, 2008 at 3:54 PM
- •      Thursday June 26, 2008 at 5:57 PM
- •      Friday June 27, 2008 at 2:05 PM
- •      Saturday June 28, 2008 at 9:15 AM
- •      Sunday June 29, 2008 at 2:03 PM
- •      Monday June 30, 2008 at 10:04 PM
- •      Thursday July 3, 2008 at 6:11 PM
- •      Monday July 7, 2008 at 5:44 PM
- •      Wednesday July 9, 2008 at 5:41 PM
- •      Friday July 11, 2008 at 2:29 PM

- Sunday July 13, 2008 at 9:54 AM
- Tuesday July 15, 2008 at 5:25 PM
- Wednesday July 16, 2008 at 5:08 PM
- Thursday July 17, 2008 at 5:55 PM
- Saturday July 19, 2008 at 9:06 AM
- Sunday July 20, 2008 at 2:02 PM
- Monday July 21, 2008 at 10:47 AM

(Answer ¶24; Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶7.)

9.      NCO's records reflect that automated telephone calls were placed on the dates

and times alleged in ¶ 24 of the Plaintiff's Complaint, and that the content of the recordings on

Plaintiff's voicemail system accurately reflects a portion of NCO's automated interactive

"script."  Such portions of the script went as follows:

> This message is for - Thomas Inman. Please call us back today at toll-free, 1-800-350-2457. When calling back, the Reference ID is EL9170. Once again, this number is toll-free 1-800-350-2457. Thank you. Goodbye.

> or

> This message is for - Thomas Inman. Please call us back today at toll-free, 1-800-350-2457. When calling back, the Reference ID is EL9170. Once again, the number is toll-free 1-800-350-2457. Thank you. Goodbye.

(Answer ¶25 (amended); Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶8.)

10.      NCO's reference number EL9170 is the business record of an American

Express account in the name of Plaintiff Thomas E. Inman, Account No. ending 1004,

placed with NCO for collection.  (Def.'s Resp. to Pl.'s Statement of Uncontested Mat.

Facts ¶10.)

10.      Plaintiff Inman is a natural person. (Pl.'s Statement of Uncontested Mat. Facts

¶11; Def.'s Resp. to Pl.'s Statement of Uncontested Mat. Facts ¶11.)

11.      The prerecorded messages failed to (a) provide meaningful disclosure of NCO's

identity as the caller; (b) disclose the purpose or nature of the acommunications (i.e., an attempt

to collect a debt); and (c) disclose that the communication was from a debt collector.  (Answer

¶29.)

## II.    Legal Issue Regarding "Communications"

Furthermore, the Court will resolve one legal issue as to whether the pre-recorded

messages, which Defendant generated to the Plaintiff, constitute a "communication" as defined

by the statute.  The Court will adopt the decision set forth in Foti v. NCO Financial Systems,

Inc., 424 F.Supp. 2d 643 (S.D.N.Y. 2006), a case also involving Defendant NCO, where the

court held that a pre-recorded message left on a debtor's voicemail was a "communication" under

the FDCPA.

In Foti, a debtor brought a class action against NCO alleging that NCO violated the

FDCPA based on two communications, one of which was a pre-recorded message left on the

debtor's home voicemail.  That message went as follows:

> Good day, we are calling from NCO Financial Systems regarding a personal
> business matter that requires your immediate attention.  Please call back 1-
> 866-701-1275 once again please call back, toll-free, 1-866-701-1275, this is
> not a solicitation.

Id. at 648.  NCO argued that the pre-recorded message was not a "communication" within the

meaning of the FDCPA because the message did not "convey any information regarding a debt,

but instead simply request[ed] a return call regarding an important business matter."  Id. at 654.

The court disagreed, holding that the pre-recorded message was properly deemed a

"communication" under the FDCPA.  Id. at 660.

Judge Karas began his analysis by noting that the FDCPA defines "communication" very

broadly as "the conveying of information regarding a debt directly or indirectly to any person

through any medium."  Id. at 655 (quoting 15 U.S.C. § 1692a(2)).  Regarding the specific

voicemail message left by NCO, the court stated:

> [NCO]'s voicemail message, while devoid of any specific information about
> any particular debt, clearly provided some information, even if indirectly, to
> the intended recipient of the message.  Specifically, the message advised the
> debtor that the matter required immediate attention, and provided a specific
> number to call to discuss the matter.  Given that the obvious purpose of the
> message was to provide the debtor with enough information to entice a return
> call, it is difficult to imagine how the voicemail message is not a
> communication under the FDCPA."

Id. at 655-56 (emphasis added).  The court further noted that NCO failed to cite in its brief any

case supporting its position that the pre-recorded message was not a communication, and only

pointed to one "unhelpful" case at oral argument.  Id. at 654.  The court held that "[g]iven this

paucity of authority, the Court has little difficulty in rejecting NCO's narrow interpretation of the

word 'communication,' and concludes that the . . . Pre-Recorded Message is protected as a

'communication' under the FDCPA."  Id. at 654-55.

     This Court finds the Foti decision to be highly instructive, and therefore adopts its

reasoning in holding that the messages left by Defendant NCO on Plaintiff Inman's voicemail

system are "communications" under the FDCPA.  First, the messages here are very similar in

content to the message left in the Foti case.[1]  Second, the obvious purpose of Defendant NCO's

---

[1]The Court recognizes that the messages left on Plaintiff's voicemail in the present case
differ slightly from the message left by NCO in Foti.  Specifically: (1) the messages did not
identify NCO as the caller, whereas in Foti, the message identified NCO as the caller; (2) the
messages stated that they were intended for the debtor, Plaintiff Imman, whereas in Foti, the
message did not state for whom the message was intended; (3) the messages instructed the
Plaintiff to refer to a "Reference ID" number when calling the provided telephone number,
whereas in Foti, the message did not provide any such reference number.  The Court finds these
differences to be inconsequential with respect to determining whether the messages in the present

voicemail message was to provide the listener with enough information to entice a return call.

Third, the voicemail messages, while devoid of any specific information about the particular

debt,[2] clearly provided some information to Plaintiff.  Fourth, Defendant NCO has failed to cite

to any authority supporting its position that these specific messages in this case do not constitute

"communications" under the FDCPA.

At Oral Argument, Defendant argued that the messages left on Plaintiff's voicemail were

not "communications" under the FDCPA because Defendant did not intend to leave such

messages on Plaintiff's voicemail for Plaintiff to hear.  Further, Defendant argued that its

messages should not – or could not – have been left on Plaintiff's voicemail system.

The Court concludes that Defendant's subjective intent has no bearing on whether these

messages are "communications" under the FDCPA.  Whether the messages were intended to be

left on Plaintiff's voicemail relates to the broad technological and factual disagreements between

the parties – significant issues which preclude the Court from granting summary judgment at this

time.  What is clear at this juncture is that the messages were left on Plaintiff Inman's voicemail;

they relate to a debt Plaintiff owes, and to NCO's efforts to collect; they provide a Reference ID

number which relates to a business record of an American Express account in Plaintiff Inman's

name that was placed with NCO for collection; and they provide a telephone number for the

debtor, Plaintiff Inman, to return the call.

For a "communication" to fall under the FDCPA's "broadly defined" statutory definition,

---

case are "communications" under the FDCPA.

[2]While the message did provide a "Reference ID" number, without further information, Plaintiff would not have known or understood that such a reference number pertained to a debt, or a debt collection effort.

it must "convey information 'regarding a debt directly or indirectly to <u>any person</u> through <u>any</u>

<u>medium</u>.'"  <u>Coll v. Toll</u>, 2007 WL 4105382, at *5 (E.D. Pa. Nov. 16, 2007) (Buckwalter, J.)

(emphasis added) (quoting 15 U.S.C.A. § 1692(a)).  Simply stated, the messages left by

Defendant NCO on Plaintiff's voicemail conveyed information regarding a debt to a debtor

through messages left on the debtor's voicemail.  The Court therefore finds that the messages left

by Defendant NCO on Plaintiff's voicemail system constitute "communications" under the

FDCPA.

An appropriate Order follows.

A:\Inman v. NCO - Memorandum MSJ_10.09.wpd